IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**JOSHUA SHEPHERD,**

        Plaintiff,

v.                                  CIVIL ACTION NO: 3:13-CV-78
                                      (JUDGE GROH)

**LITTLE GIANT ENTERPRISES, LLC;
HOLLIS WORMSBY, JR.; SIDNEY
WORMSBY; GREGORY WORMSBY;
and CHERYL R. WORMSBY,**

        Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND DENYING AS MOOT THE PLAINTIFF'S MOTION TO HOLD DEFENDANT'S MOTION TO DISMISS IN ABEYANCE**

        Currently pending before the Court is the Plaintiff's Motion to Remand [Doc. 7] this case to the Circuit Court of Jefferson County, West Virginia, filed on July 17, 2013. This motion is now ripe for decision as the parties have fully briefed it. Having reviewed the motion and memoranda submitted with regard thereto, the Court **DENIES** the Plaintiff's motion.

        Additionally, on July 17, 2013, the Plaintiff filed a Motion to Hold Defendant's Motion to Dismiss in Abeyance [Doc. 8]. This motion requests that the Court consider the instant Motion to Remand before ruling on the Defendants' Motion to Dismiss Individual Defendants that is also pending. Because this Order disposes of the Motion to Remand and the Court has not ruled on the motion to dismiss, the Plaintiff's Motion to Hold Defendant's Motion to Dismiss in Abeyance is **DENIED AS MOOT**.

## I. BACKGROUND

        On June 3, 2013, the Plaintiff filed a complaint in the Circuit Court of Jefferson County, West Virginia, naming Little Giant Enterprises, LLC, Hollis Wormsby, Jr.,

Sidney Wormsby, Gregory Wormsby, and Cheryl R. Wormsby as Defendants [Doc. 1-2]. The complaint raises claims related to allegations that the Plaintiff suffered injuries while working at a Long John Silver's fast food store operated by Little Giant Enterprises, LLC. *Id.* ¶¶ 9-29.

On July 8, 2013, the Defendants timely removed this case to federal court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) [Doc. 1]. In their Joint Notice of Removal, they asserted that complete diversity of citizenship exists as required by § 1332(a) because the Plaintiff is a citizen of West Virginia while the Defendants are citizens of Alabama (Little Giant Enterprises, LLC, Hollis Wormsby, and Cheryl Wormsby), New York (Sidney Wormsby), and Georgia (Gregory Wormsby). The Plaintiff thereafter filed the instant Motion to Remand, arguing that this Court lacks diversity jurisdiction because Cheryl Wormsby is a West Virginia citizen and therefore is not diverse from the Plaintiff.

## II. DISCUSSION

The citizenship of Cheryl Wormsby will determine whether remand is necessary as the parties do not dispute the citizenship of the other parties or whether the amount-in-controversy requirement of § 1332(a) is met. The Plaintiff argues that diversity jurisdiction is improper because both he and Cheryl Wormsby are residents of West Virginia. In doing so, he relies on the fact that the West Virginia Secretary of State's record for Little Giant Enterprises, LLC states that she has a West Virginia address. The Defendants contend that, because Cheryl Wormsby is a citizen of Alabama, this Court has jurisdiction under § 1332(a). For the reasons that follow, the Court agrees with the Defendants.

A defendant may remove a case from state to federal court if the federal court

2

has original jurisdiction over the plaintiff's claims. 28 U.S.C. § 1441(a). The party seeking removal has "[t]he burden of establishing federal jurisdiction." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)). Courts strictly construe removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). Thus, "[i]f federal jurisdiction is doubtful, a remand is necessary." *Mulcahey*, 29 F.3d at 151.

Under 28 U.S.C. § 1332, federal courts have original jurisdiction over cases where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a). Section 1332 requires complete diversity of citizenship; the citizenship of each plaintiff must be diverse from the citizenship of *each and every* defendant. *Cent. W. Va. Energy Co. v. Mt. State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). Additionally, when considering a motion to remand, a court determines whether it has jurisdiction by "look[ing] at the case as of the time it was filed in state court." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 390 (1998).

An individual is a citizen of the state in which she is domiciled. *Johnson v. Advance Am.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008). "Domicile requires physical presence, coupled with an intent to make the State a home." *Id.* Residence and domicile are distinct concepts; an individual can reside in one state but be domiciled elsewhere. *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Thus, in and of itself, an allegation of residency does not establish citizenship in a state. *Johnson*, 549 F.3d at 937 n.2; *see also Axel Johnson, Inc. v. Carroll Carolina Oil*

*Co.*, 145 F.3d 660, 663 (4th Cir. 1998) ("[S]tate citizenship for purposes of diversity jurisdiction depends not on residence, but on national citizenship and domicile.").

Courts determine domicile on a case by case basis, considering all of the circumstances surrounding an individual's situation. 13E CHARLES ALAN WRIGHT EL AL., FEDERAL PRACTICE AND PROCEDURE § 3612 (3d ed. 2013). They may consider the following factors in doing so: "the party's current residence; voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; [and] payment of taxes." *Id.*; *see also* **Ronald Lane, Inc. v. Antero Res. Appalachian Corp.**, No. 1:10CV137, 2011 WL 3102116, at *4 (N.D. W. Va. July 25, 2011). No one of these factors is dispositive. WRIGHT EL AL., *supra*, § 3612.

Here, the Defendants have shown that Cheryl Wormsby is a citizen of Alabama. Cheryl Wormsby currently resides in Mobile, Alabama and has lived there for six years. ([Doc. 10-1] ¶¶ 5-6.) She is registered to vote in Alabama and has an Alabama driver's license. ([Doc. 10-1] ¶¶ 9-10.) She also owns a car that is registered in Alabama and pays Alabama income taxes. ([Doc. 10-1] ¶¶ 11, 14.) The Plaintiff's attempt to rebut this evidence with the document from the West Virginia Secretary of State that lists Cheryl Wormsby as having a West Virginia address fails because evidence of residency in a state alone does not render an individual a citizen of that state. *See **Johnson**,* 549 F.3d at 937 n.2; ***Axel Johnson, Inc.**,* 145 F.3d at 663. Indeed, she can have a history of having resided in West Virginia without ever having been domiciled there. *See **Miss. Band of Choctaw Indians**,* 490 U.S. at 48; ***Johnson**,* 549 F.3d at 937 n.2. Accordingly, in light of the evidence showing that Cheryl Wormsby has lived in

Alabama for six years, is registered to vote in Alabama, owns a car registered in Alabama, pays Alabama income taxes, and has an Alabama driver's license, the Court finds that she was not only physically present in Alabama when the Plaintiff initiated this action, but intended to make it her home. See *Johnson*, 549 F.3d at 937 n.2; WRIGHT EL AL., *supra*, § 3612. Because the Plaintiff is a citizen of West Virginia and the Defendants are citizens of Alabama, New York, and Georgia, complete diversity of citizenship exists and this Court has jurisdiction over this matter under 28 U.S.C. § 1332(a). See *Cent. W. Va. Energy Co.*, 636 F.3d at 103.

### III. CONCLUSION

For the foregoing reasons, the Court finds that the Plaintiffs' Motion to Remand should be, and hereby is, **DENIED**.

Because this Order disposes of the Plaintiff's Motion to Remand and the Defendants' Motion to Dismiss Individual Defendants is still pending, the Plaintiff's Motion to Hold Defendant's Motion to Dismiss in Abeyance is **DENIED AS MOOT**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

It is so **ORDERED**.

**DATED:** November 8, 2013.

GINA M. GROH
UNITED STATES DISTRICT JUDGE