IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

JOSHUA SHEPHERD,

        Plaintiff,

v.                                      CIVIL ACTION NO: 3:13-CV-78
                                        (JUDGE GROH)

LITTLE GIANT ENTERPRISES, LLC;
HOLLIS WORMSBY, JR.; SIDNEY
WORMSBY; GREGORY WORMSBY;
and CHERYL R. WORMSBY,

        Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS INDIVIDUAL DEFENDANTS

Currently pending before the Court is the Defendants' Motion to Dismiss Individual Defendants [Doc. 5], filed on July 15, 2013. The Defendants have moved for the Court to dismiss Hollis Wormsby, Jr., Sidney Wormsby, Gregory Wormsby, and Cheryl R. Wormsby from this action for failing to state a claim against them upon which relief can be granted. This motion is ripe for review as the parties have fully briefed it. Having reviewed the motion and memoranda submitted with regard thereto, the Court **GRANTS** the Defendants' motion.

### I. STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6) allows a defendant to challenge the complaint's sufficiency in this regard by moving to dismiss a complaint for failing "to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, the complaint must allege "enough facts to

state a claim to relief that is plausible on its face." ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 570 (2007); *see also* ***Ashcroft v. Iqbal***, 556 U.S. 662, 678 (2009). Although Rule 8's pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." ***Iqbal***, 556 U.S. at 678 (citing ***Twombly*** 550 U.S. at 555). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" *Id.* (quoting ***Twombly***, 550 U.S. at 555, 557).

When reviewing a Rule 12(b)(6) motion, a court must assume that the complaint's well-pleaded allegations are true, resolve all doubts and inferences in favor of the plaintiff, and view the allegations in a light most favorable to the plaintiff. ***Edwards v. City of Goldsboro***, 178 F.3d 231, 243-44 (4th Cir. 1999). Only factual allegations are entitled to the presumption of truth. *See* ***Iqbal***, 556 U.S. at 678-79. A court may also consider facts derived from sources beyond the four corners of the complaint, including documents attached to the complaint, documents attached to the motion to dismiss "so long as they are integral to the complaint and authentic," and facts subject to judicial notice under Federal Rule of Evidence 201. ***Philips v. Pitt Cnty. Mem'l Hosp.***, 572 F.3d 176, 180 (4th Cir. 2009).

## II. BACKGROUND

### A. Factual Allegations

Viewed in the light most favorable to the Plaintiff, the pertinent facts are as follows. Hollis Wormsby, Jr., Sidney Wormsby, Gregory Wormsby, and Cheryl R.

2

Wormsby are members of Little Giant Enterprises, LLC. ([Doc. 1-2] ¶¶ 4-7.) Little Giant is an Alabama limited liability company ("LLC") that operates a Long John Silver's fast food restaurant in Charles Town, West Virginia. *Id.* ¶¶ 2-3. The West Virginia Secretary of State authorized Little Giant to do business in West Virginia as a foreign LLC on July 8, 2008 and terminated that authorization on November 1, 2010. [Doc. 9-1]; [Doc. 9-2]; ([Doc. 9-3] p. 1.)

The Plaintiff, Joshua Shepherd, worked at the Charles Town Long John Silver's restaurant. ([Doc. 1-2] ¶ 12.) In June 2011, managers and employees of the restaurant noticed that ice had formed on the floor of a walk-in freezer due to a water leak. *Id.* ¶ 9. The restaurant's managers required that employees carry large pots filled with hot water into the freezer and pour the water onto the ice to melt it. *Id.* ¶ 10. On June 11, 2011, the Plaintiff's supervisor instructed him to complete this task. *Id.* ¶¶ 14-15. When doing so, the Plaintiff fell, and hot water poured onto his body. *Id.* ¶¶ 15-16. He suffered burns and other injuries due to this incident. *See id.* ¶¶ 16-23.

### B. Procedural History

On June 3, 2013, the Plaintiff brought suit in West Virginia state court against Little Giant Enterprises, LLC, Hollis Wormsby, Jr., Sidney Wormsby, Gregory Wormsby, and Cheryl R. Wormsby, seeking damages stemming from the June 11, 2011 incident [Doc. 1-2]. Paragraph eight of the Plaintiff's Complaint avers the following basis for holding Little Giant's members liable in this case:

> The West Virginia Secretary of State has revoked the corporate charter of Defendant Little Giant Enterprises, LLC. As a result, the corporate veil should be pierced and Defendants Hollis Wormsby, Jr., Sidney Wormsby, Gregory Wormsby, and Cheryl Wormsby, as Members of Defendant Little Giant Enterprises, LLC, should be held individually responsible for the

3

tortious actions and omissions occurring at the Charles Town Long John Silver fast food store.

The Defendants timely removed this case to federal court based on diversity jurisdiction [Doc. 1]. The Plaintiff thereafter filed a motion to remand this case to state court. The Court denied the Plaintiff's motion, finding that it has subject matter jurisdiction over this matter under 28 U.S.C. § 1332(a) [Doc. 18]. On July 15, 2013, the Defendants filed the instant Motion to Dismiss Individual Defendants pursuant to Rule 12(b)(6). The Plaintiff filed a response to this motion, and the Defendants filed a reply.[1]

### III. DISCUSSION

The Defendants who are members of Little Giant contend that the Court must dismiss them from this action because the Complaint does not state a plausible claim for holding them liable to the Plaintiff. The Plaintiff opposes this motion on three grounds. First, he argues that these Defendants are liable because the West Virginia Secretary of State revoked Little Giant's authority to do business in West Virginia. Second, the Plaintiff avers that they accepted liability for Little Giant's actions in their articles of organization pursuant to West Virginia Code section 31B-3-303(c). Finally, he asserts that the Court should not dispose of his claim that Little Giant's veil should be pierced to render its members liable because this issue presents a factual question that is determined on a case by case basis. For the following reasons, the Court agrees with the Defendants.

---

[1] The Plaintiff filed a surreply on November 18, 2013 [Doc. 19]. However, this Court's local rules provide that a party "shall not file surreply memoranda except by leave of court." **N.D. W. VA. R.** 7.02(b)(3). Because the Plaintiff did not seek leave of court to file his surreply, the Court disregards it when ruling on the Defendants' motion.

### A. Applicable Law

Under West Virginia Code section 31B-10-1001(a), the laws of the state in which a foreign limited liability company is organized govern the liability of the company's members. Alabama law therefore governs whether Little Giant's members can be liable to the Plaintiff because Little Giant is organized in Alabama. *See* ([Doc. 1-2] ¶ 2.)

A member of an Alabama limited liability company is not liable to a third party "for a debt, obligation, or liability of the . . . company, whether arising in contract, tort, or otherwise, or for the acts or omissions of any other member, manager, agent or employee of the . . . company." ALA. CODE § 10A-5-3.02(a). If a foreign limited liability company transacts business in West Virginia without a certificate of authority from the West Virginia Secretary of State, such actions alone do not waive any limitations on the liability of the company's members. W. VA. CODE § 31B-10-1008(c) ("Limitations on personal liability of . . . members . . . are not waived solely by transacting business in this state without a certificate of authority.").

Alabama law recognizes two ways in which a plaintiff can hold members liable for a claim brought against an LLC. First, an LLC's member "may become liable by reason of the member's own acts or conduct." ALA. CODE § 10A-5-3.02(c). Second, a plaintiff can use the "piercing the corporate veil" doctrine to hold members responsible for an LLC's liabilities. *See Hill v. Fairfield Nursing & Rehab. Ctr.*, ___ So.3d ___, 2013 WL 3242867, at *12 (Ala. 2013); *see also Mama's Enters., LLC v. United States*, 883 F. Supp. 2d 1128, 1134-35 (N.D. Ala. 2012) ("[T]he limited liability of LLCs may be disregarded under Alabama law when an LLC is the alter-ego of a person or another entity."); *Filo Am., Inc. v. Olhoss Trading Co., L.L.C.*, 321 F. Supp. 2d 1266, 1268-69

5

(M.D. Ala. 2004) ("[U]nder Alabama law, it is possible to 'pierce the veil' of an LLC."). Alabama's "piercing the veil" doctrine originated in the corporate context as a way of rendering shareholders or officers, who have limited liability like an LLC's members, liable for a claim brought against a corporation. *See Filo Am., Inc.*, 321 F. Supp. 2d at 1268-70. Alabama has applied this doctrine to LLCs. *See Hill*, 2013 WL 3242867, at *12 (applying the principles of the "piercing the corporate veil" doctrine to find that a trial court erred by dismissing defendants who a plaintiff sought to hold liable for an LLC's obligations). Whether the veil should be pierced is a question of fact determined on a case by case basis. *Id.* Alabama commonly uses three factors to justify piercing an entity's veil: "1) inadequacy of capital; 2) fraudulent purpose in conception or operation of the business; [and] 3) operation of the [entity] as an instrumentality or alter ego." *Culp v. Econ. Mobile Homes, Inc.*, 895 So. 2d 857, 859-60 (Ala. 2004) (citations omitted); *see also id.* at *14 n.15. For example, the Supreme Court of Alabama has explained that "[a] court may pierce the corporate veil and declare a stockholder or officer the corporation's alter ego when evidence is present that the stockholder or officer used the corporate form to escape personal liability." *Hill*, 2013 WL 3242867, at *9 (citations and quotation marks omitted).

### B. Analysis

Because Alabama law provides that Little Giant's members generally are not liable for a claim brought against the LLC, the Complaint must state a plausible claim for holding them liable under Alabama Code section 10A-5-3.02(c) or piercing Little Giant's veil to defeat the motion to dismiss. Contrary to the Plaintiff's assertions, the revocation of Little Giant's authority to do business in West Virginia does not subject its

members to liability in this case. See **W. VA. CODE** § 31B-10-1008(c). His argument that West Virginia Code section 31B-3-303(c) renders them liable also fails because this statute governs LLCs organized in West Virginia, not those organized elsewhere. Indeed, as noted earlier, Alabama law governs the liability of Little Giant's members pursuant to West Virginia Code section 31B-10-1008(c). West Virginia law governing the liability of an LLC's members therefore does not apply here.

In light of the above, first, the Complaint does not allege any facts showing that Little Giant's members are liable pursuant to Alabama Code section 10A-5-3.02(c). Liability under this provision requires that the actions of Little Giant's members underlie the Plaintiff's claims. See **ALA. CODE** § 10A-5-3.02(c). The Complaint, however, does not contain a single allegation that the members acted or failed to act in a way that harmed the Plaintiff. Indeed, it only discusses the conduct of the managers and employees at the Long John Silver's restaurant. ([Doc. 1-2] ¶¶ 9-15.) Accordingly, the Plaintiff has not stated a plausible claim for holding Little Giant's members liable on this basis. See **Twombly**, 550 U.S. at 570.

The Complaint also fails to establish a plausible claim for piercing Little Giant's veil. It raises no allegations concerning any of the bases upon which the Plaintiff could pierce Little Giant's veil. It does not aver facts showing that Little Giant had inadequate capital, that it was created or operated for a fraudulent purpose, or that its members operated it as their alter ego or an instrumentality. See **Culp**, 895 So. 2d at 859-60. Paragraph eight contains the only factual allegation directed at piercing Little Giant's veil–that "[t]he West Virginia Secretary of State has revoked the corporate charter of Little Giant Enterprises, LLC." Paragraph two of the Complaint, the Plaintiff's response,

and documents from the West Virginia Secretary of State attached by the Plaintiff to his response, however, contradict paragraph eight's statement that Little Giant is a corporation subject to revocation of its "charter" by the West Virginia Secretary of State. Paragraph two alleges that Little Giant is an Alabama LLC. ([Doc. 1-2] ¶ 2.) The Plaintiff's response indicates that he intends for paragraph two to reflect Little Giant's organizational status as his response states that "Little Giant is an Alabama limited liability company" and cites paragraph two. ([Doc. 9] p. 1.) Additionally, his response states that "Little Giant obtained authority to transact business in West Virginia" and refers the Court to an exhibit that is a certificate issued by the West Virginia Secretary of State that authorizes Little Giant to operate as a foreign limited liability company in West Virginia. *Id.*; [Doc. 9-1.] The Plaintiff has also attached a record from the West Virginia Secretary of State reflecting the date that this certificate was issued as well as the date that the authorization was terminated. ([Doc. 9-3] p. 1.) Thus, in viewing the Complaint, the Plaintiff's response, and the exhibits attached to the Plaintiff's response, the only factual allegation supporting the Plaintiff's claim that Little Giant's veil should be pierced is that the West Virginia Secretary of State revoked Little Giant's authority to do business in West Virginia. As noted earlier, this revocation alone does not render Little Giant's members liable for a claim brought against Little Giant. *See* W. VA. CODE § 31B-10-1008(c). Further, while the Plaintiff is correct that the "piercing the veil" doctrine mandates a case by case analysis, *see Hill*, 2013 WL 3242867, at *12, he still must allege facts that establish a plausible claim that the Court should pierce Little Giant's veil to survive a motion to dismiss. *See Twombly*, 550 U.S. at 570. Because he has not done so here and has also failed to state a claim that he is entitled to relief

under Alabama Code section 10A-5-3.02(c), the Court must dismiss the individual Defendants from this action. See **FED. R. CIV. P.** 12(b)(6).

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Defendants' Motion to Dismiss Individual Defendants and hereby **DISMISSES** Defendants Hollis Wormsby, Jr., Sidney Wormsby, Gregory Wormsby, and Cheryl R. Wormsby from this action **WITH PREJUDICE**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

It is so **ORDERED**.

**DATED:** December 2, 2013.

*[signature]*

GINA M. GROH
UNITED STATES DISTRICT JUDGE